UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OUDOM SOMEE,<br><br>Defendant. | Case No. 2:10-cr-00273-MMD-CWH<br><br>ORDER<br><br>(Plf.'s Motion in Limine – dkt. no. 57;<br>Plf.'s Motion in Limine – dkt. no. 58;<br>Def.'s Motion to Extend Time<br>– dkt. no. 77) |

**I.   SUMMARY**

Before the Court are Plaintiff United States of America's two Motions in Limine (dkt. nos. 57 and 58), as well as Defendant Oudom Somee's Unopposed Motion for Leave to File Late Supplemental Points and Authorities (dkt. no. 77).

**II.   BACKGROUND**

On June 15, 2010, the United States filed an Indictment against Defendant Somee charging Somee with conspiracy to commit wire fraud in connection with an alleged scheme to fraudulently obtain money and property from mortgage companies and federally insured financial institutions. (Dkt. no. 1.) The United States filed a Superseding Indictment on February 16, 2011, to add additional mail fraud, wire fraud, and bank fraud counts against Somee. (*See* dkt. no. 25.)

**III.   LEGAL STANDARD**

A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Judges have

1 broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C & E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

**III.  DISCUSSION**

    **A.  Plaintiff's Motion to Exclude Evidence (dkt. no. 57)**

The government's first Motion seeks to exclude four types of evidence: (1) evidence of lender negligence; (2) evidence that others engaged in similar practices as Somee; (3) evidence regarding belief that the lender would not be harmed; and (4) evidence of the state of the economy or real estate market during the times relevant to this indictment. (*See* dkt. no. 57 at 1.) Somee did not oppose this Motion.

1.  **Lender negligence**

Materiality of falsehood is an element of the federal bank and wire fraud statutes. *Neder v. United States*, 527 U.S. 1, 25 (1999). A material false statement is defined as one that "has a natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed." *Id*. at 16 (quoting *United States v. Gaudin*, 515 U.S. 506, 509 (1995)).

Justifiable reliance and damages are not required, so the government need not prove that the victim relied on the false statements or was damaged by them. *Neder*, 527 U.S. at 24-25. For this reason, "it is no defense to wire fraud or bank fraud that the victim of the fraud was negligent, gullible, or incompetent." *United States v. Maximov*, No. CR10-822, 2011 WL 4915162, at *2 (D. Ariz. Oct. 17, 2011).

Moreover, a misrepresentation may be material even if evidence demonstrates that the misrepresentation would not have actually influenced or actually deceived the lender. *See United States v. Rashid*, 383 F.3d 769, 778-79 (8th Cir. 2004), *cert. granted, judgment vacated on other grounds by Abu Nahia v. United States*, 546 U.S. 803 (2005). What matters is whether the misrepresentation had a "natural tendency to influence the bank or was not capable of influencing the bank." Id.

However, in order to determine materiality, a jury "must know something about the lenders' decision-making process." *Maximov*, 2011 WL 4915162, at *3. "[A]lthough [a] [d]efendant cannot rely on loose lending practices of victim financial institutions as a defense to fraud, he can challenge the government's evidence concerning applicable lending standards and thereby challenge the government's assertion that the false statements were material." *Id*.

As a result, evidence of lender policies or practices that do not consider certain facts – such as those allegedly misrepresented by Somee – is relevant and admissible to show that the facts were not material. For example, if the lender's policies or practices did not restrict the amount of real estate commission paid, the fact that Somee may have falsely misrepresented the amount of such commission is not material,

rendering such evidence of such policies or practices relevant. Accordingly, this Order prohibits any attempt by Somee to introduce evidence of lender negligence. However, any evidence of lending practices introduced to refute materiality is admissible. The Court may draw additional lines between what evidence falls within the type of lender negligence and loose lending practices that will be excluded during trial as evidence is actually presented.

### 2. Fraud committed by others

The United States also seeks to exclude evidence of other people engaging in similar schemes to defraud, arguing in one sentence that such evidence is irrelevant to the actions of this defendant. Without more detail as to what type of evidence the government seeks to exclude, the Court cannot grant such a blanket prohibition. It is entirely possible that evidence of others engaging in conduct similar to Somee would be somehow relevant for Somee's trial. Although the Court will not speculate as to what such evidence might be probative of, neither will the Court exclude evidence without some demonstration of what that evidence will be and how it might relate to Somee's defense. As motions in limine are provisional, the government may bring this request at a later time if and when it seeks to exclude specific evidence.

### 3. Belief of harm to lender

The Motion additionally seeks to exclude evidence that Somee believed that the lender that he allegedly defrauded would not be harmed. The Court denies this request for the simple reason that fraud requires, as an essential element, an intent to defraud. As the United States itself quoted, "an honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud . . . ." *United States v. Molinaro*, 11 F.3d 853, 863 (9th Cir. 1993). It is again unclear what type of evidence the government seeks to exclude. If Somee seeks to introduce evidence that he did not believe the government would be harmed, and as a result did not believe that his actions would defraud the lender, that evidence would be probative as to whether he harbored fraudulent intent. Similarly, a belief that the government would not to be harmed might

1  be relevant as to whether he thought his conduct constituted misrepresentations, or as
2  to whether he believed he was representing truthful information that the government
3  argues was false. Again, the Court will not speculate as to what the evidence in this
4  case demonstrates. It is up to the government to provide the Court with enough details
5  to enable the Court to make a reasoned assessment of the admissibility of the evidence.

### 4. Decline in real estate market

The United States also seeks to exclude any evidence that shows the decline in the real estate market or the local economy since 2006. It argues that since potential financial success of a fraudulent scheme does not negate an intent to defraud, evidence of the market's decline is irrelevant and potentially confusing. While it is true that potential success of the scheme is irrelevant to a successful fraud prosecution, *see United States v. Rude*, 88 F.3d 1538, 1547 (9th Cir. 1996), it is unclear how proffering evidence of the worsening economy seeks to establish success or failure of the scheme. Again, the government's Motion is short on facts that would allow the Court to determine the relevance – or lack thereof – of the evidence the government seeks to exclude.

In sum, Somee will be barred from introducing evidence of lender negligence or lending practices as a defense. The government's requests to exclude the other forms of evidence is denied.

### B. Plaintiff's Motion to Exclude Expert Testimony (dkt. no. 58)

The United States seeks an order to exclude Somee's proffered expert witness testimony from Dr. Thomas F. Kinsora on the ground that Somee failed to provide sufficient notice under Fed. R. Crim. P. 16 and on the grounds that the testimony failed to meet the requirements of FRE 702 and *Daubert*.

### 1. Notice

Fed. R. Crim. P. 12.2(a) requires that a criminal defendant "who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing" within a set time as stated in the rule. Similarly, Fed. R. Crim. P. 12.2(b) requires a similar notice if the defendant "intends to introduce expert evidence

relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case . . . ." Somee provided notice as to both rules in his September 11, 2012, filing. (Dkt. no. 55.)

Pursuant to Fed. R. Crim. 16(b)(1)(C), which provides that a criminal defendant must give to the government a written summary of the evidence it intends to introduce at trial, the government sought Somee's expert witness report. After receiving the report of Dr. Kinsora (dkt. no. 59), the government filed this Motion arguing that the report does not set forth any opinions that would challenge the mental state requirement for the crimes with which Somee is charged. Somee counters by arguing that the government has had sufficient notice of the report, and cannot exclude it for failure to provide adequate notice.

A review of Dr. Kinsora's report demonstrates that the government's notice argument fails. The government first seeks exclusion because it argues that the report does not state any opinion as to whether Somee was insane at the time of the fraud alleged in the Superseding Indictment. The government can point to no authority that requires this expert to opine on what he believed to be Somee's mental capacity between 2006 and late 2007, the time period in which Somee allegedly engaged in the criminal activity. At the very least, Dr. Kinsora's report is probative of this issue; to the extent that Somee exhibits some cognitive deficiencies at the time of Dr. Kinsora's evaluation, he is more likely to have exhibited those same deficiencies during the time period relevant to the indictment.

The government also seeks exclusion because it contends that the expert report contains "[n]o opinion . . . that would negate an ability to formulate the requisite intent" to defraud. (Dkt. no. 58 at 3.) This statement grossly misrepresents the expert testimony. In the very same paragraph that the government quotes in its Motion, Dr. Kinsora begins with the observation that "there is little doubt that [the complex loan] material is far above his capacity" to understand, and that "it is not clear at all that he recognizes how his own

1 actions might be illegal." (Dkt. no. 58-A at 10.) That Somee conceded in his interviews with Dr. Kinsora that a co-schemer "*could* have been qualifying loan applications illegally" does not destroy the very conclusions that the report makes about Somee's mental capacity. (*Id.* (emphasis added.)) The government can contest the conclusion that Dr. Kinsora reached about Somee's capacity to understand the complex loan documents, and can introduce evidence to the jury to persuade them of Somee's intent to defraud, but it cannot ask this Court to remove from consideration this evidence based on its misreading of the report.

### 2. Admissibility of evidence

The United States also seeks to exclude the expert report on the ground that it does not meet the requirements of FRE 702 and *Daubert v. Merrel Dow Pharms., Inc.*, 509 U.S. 579 (1993) for the introduction of expert testimony. The government points to a passage in the report which admits that "standardized normative data" is unavailable to compare his performance to other citizens of Loas, where Somee emigrated from. (*See* dkt. no. 58-A at 7.) Instead, the report highlighted that Somee's scores were compared to English-speaking high school educated United States citizens, and consequently "should not be used to indicate brain damage or neurological problems, but can help to compare his abilities next to same aged U.S. citizens." *Id.* Based on this passage, the government argues that the failure to test the results of the cognitive examination with standardized normative data renders the report's findings unreliable, which should result in their exclusion. Somee responds by merely – and insufficiently – relying only on the relevance of the testimony, but failing to demonstrate that Dr. Kinsora's testimony meets the requirements of FRE 702.[1]

---

[1]The Court ordered supplemental briefing on the issue of whether Dr. Kinsora's expert report meets the requirements of FRE 702 and *Daubert*. (*See* dkt. no. 75.) Somee filed his response late, but the Court grants his Motion to Extend Time. (*See* dkt. no. 77.) Somee responded to the order, but failed again to adequately lay the foundation for this evidence, instead focusing only on relevance. (*See* dkt. no. 78 at 8-9.)

FRE 702 provides as follows:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702 should be applied consistent with the "liberal thrust" of the Federal Rules and their "general approach of relaxing the traditional barriers to 'opinion testimony'." *Daubert*, 509 U.S. at 588 (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988)).

The trial court is accorded wide discretion when acting as gatekeepers for the admissibility of expert testimony. *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 151-52 (1999). The court must first determine if a witness has the required expertise, whether it be "knowledge, skill, experience, training, or education" under FRE 702(a). Next, the court assesses the content of the expert's proffered testimony to determine whether the proffered testimony is both relevant and reliable. *Luttrell v. Novartis Pharm. Corp.*, __ F. Supp. 2d __, 2012 WL 4513109, at *4 (E.D. Wash. Oct. 1, 2012) (citations omitted). The court analyses "whether the reasoning or methodology underlying the testimony is scientifically valid, and [ ] whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert,* 509 U.S. at 592. Factors to be considered when determining if the testimony is reliable scientific knowledge are whether the theory or technique is generally accepted in the relevant scientific community, whether it has been subjected to peer review and publication, whether it can be and has been tested, whether standards exist to control the technique's operations, and whether the known or potential rate of error is acceptable. *Id.* at 593-94. The inquiry, however, is a flexible one, with the focus solely on the principles and methodology used, not on the conclusions they generate. *Id.* at 594. For that reason, "the test under *Daubert* is not

the correctness of the expert's conclusions but the soundness of his methodology." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995).

A review of Dr. Kinsora's report shows that it fails to meet the requirements of Fed. R. Crim. 16(b)(1)(C), which requires that the defendant provide "a written summary of any testimony that the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence at trial." The summary must include a description of "the witness's opinion, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. 16(b)(1)(C)(ii). In addition, no *Daubert* evidence demonstrating the reliability and soundness of the methodology employed by Dr. Kinsora has been offered. While it is not the Court's role to determine the probative value of that evidence for Somee's defense, it must be assured of the soundness of Dr. Kinsora's methodology. Without this threshold showing, Dr. Kinsora's testimony is excluded.

## III. CONCLUSION

Accordingly, IT IS THEREFORE ORDERED that Plaintiff United States of America's Motion to Exclude Evidence (dkt. no. 57) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the United States of America's Motion to Exclude Expert Testimony (dkt. no. 58) is GRANTED.

IT IS FURTHER ORDERED that Defendant Oudom Somee's Unopposed Motion for Leave to File Late Supplemental Points and Authorities (dkt. no. 77) is GRANTED.

DATED THIS 9th day of November 2012.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE